UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEMETRIUS L. MILTON,

                         Plaintiff,

         v.                                          **DECISION AND ORDER**

BUFFALO ENGINEERING, P.C.,                           03-CV-472S

                         Defendant.

## I. INTRODUCTION

In this action, Plaintiff Demetrius L. Milton alleges that Defendant Buffalo Engineering, P.C. unlawfully discriminated against him because of his race and his disability in violation of Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12112 *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

Presently before the Court are Defendant's Motion for Summary Judgment (Docket No. 58) and Plaintiff's Cross-Motion for Summary Judgment (Docket No. 71). For the following reasons, the motions are denied in all respects.

## II.  PROCEDURAL BACKGROUND

Plaintiff commenced this action on June 20, 2003, by filing a Complaint in the United States District Court for the Western District of New York. Defendant filed its answer on September 15, 2003.

On December 7, 2004, Defendant moved for Summary Judgment pursuant to Rule

1

56 of the Federal Rules of Civil Procedure.[1]  In its memoramdum, Defendant urges that it is entitled to summary judgment because Plaintiff's action was not timely commenced and because Plaintiff "has failed to establish a Prima Facia [sic] case of discrimination."

On December 14, 2004, Plaintiff moved to amend his Complaint to correct an error with respect to the date he received his EEOC Dismissal and Notice of Rights, and on December 17, 2004, he moved for a continuance under Rule 56(f) of the Federal Rules of Civil Procedure relative to Defendant's summary judgment motion.   Both motions were granted.

Plaintiff's Amended Complaint was filed on April 22, 2005.   Therein, Plaintiff describes himself as Black and a recovering addict, and alleges that he was discriminated against on the basis of his race and disability.   Plaintiff contends that he was singled out to perform menial tasks, denied the necessary tools to perform his job, denied training, denied the opportunity to attend a training seminar on March 28, 2002, provided minimal accommodations for his disability and   was summarily dismissed after seven months without ever having received a warning or reprimand.   Plaintiff's Affirmation of Service indicates that the Amended Complaint was served on May 20, 2005.   Defendant filed an untimely Answer to Plaintiff's Amended Complaint on August 8, 2005.

On May 17, 2005, Plaintiff filed a Cross-Motion for Summary Judgment.[2]   Defendant was twice provided the opportunity to respond to Plaintiff's Cross-Motion, by Orders issued

---

[1]  In support of its Motion, Defendant filed the following documents: the Affidavit of Joel Re, with exhibits; the Affidavit of Walid S. Daham; the Affidavit of Joseph W. Keefe, Esq., with exhibits, a Rule 56 Statement of Undisputed Facts; and a Memorandum of Law.

[2]  In support of his Cross-Motion, Plaintiff filed the following documents: a Rule 56 Statement of Undisputed Facts; a Memorandum of Law; a "Statement of Disputed Facts" which challenges Defendant's submissions; and the Affidavit of Demetrius L. Milton, with exhibits.

both prior and subsequent to its filing and the filing of the Amended Complaint (Docket Nos. 69 and 73).  Defendant has not filed a response.  Similarly, Defendant has not amended its Summary Judgment Motion, submitted reply papers in connection with its pending Motion, or given this Court any other indication that it wishes to assert its Motion, or any portion thereof, as against the Amended Complaint.  Given Plaintiff's minimal amendment, which implicates only one of the two arguments advanced by Defendant, this Court will assume that Defendant wishes to advance its Motion as against the Amended Complaint and will consider the arguments raised therein.

### III.  DISCUSSION AND ANALYSIS

**A.      Summary Judgment Standard**

Federal Rule of Civil Procedure 56 provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under governing law."  Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." Addickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).  "Only when reasonable minds could not differ as to the import of evidence

is summary judgment proper." <u>Bryant v. Maffucci</u>, 923 F.2d 979, 982 (2d Cir. 1991).  The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 249.

The United States Court of Appeals for the Second Circuit has expressly cautioned district courts to use extra care when deciding whether to grant summary judgment in employment discrimination cases because "the ultimate issue to be resolved in such cases is the employer's intent, an issue not particularly suited to summary adjudication." <u>Eastmer v. Williamsville Cent. Sch. Dist.</u>, 977 F. Supp. 207, 212 (W.D.N.Y. 1997) (*citing* <u>Gallo v. Prudential Residential Servs.</u>, 22 F.3d 1219, 1224 (2d Cir. 1994)).

## B.    Defendant's Motion for Summary Judgment

As noted above, Defendant seeks summary judgment based upon Plaintiff's untimely commencement of this action and his failure to establish a *prima facie* case of discrimination.

### 1.    Timeliness

Both Title VII and the ADA require that a plaintiff exhaust administrative remedies before bringing suit in federal court.  42 U.S.C. § 2000e-5(e) (Title VII); 42 U.S.C. § 12117(a) (ADA).  A Title VII or ADA claimant must first file a timely complaint of discrimination with the EEOC and obtain a right to sue letter.  42 U.S.C. §§ 2000e-5(e), (f) and 12117(a).  The federal court action must then be commenced within ninety days of the claimant's receipt of the right to sue letter. *Id*.; <u>Cornwell v. Robinson</u>, 23 F.3d 694, 706 (2d Cir. 1994) (Title VII); <u>Wisneski v. Nassau Health Care Corp.</u>, 296 F. Supp. 2d 367, 375 (E.D.N.Y. 2003) (ADA).  The requirement that a lawsuit be brought within ninety days of

receipt of the EEOC's right to sue letter is treated like a statute of limitations.  <u>Rasmussen v. Sigma Corp.</u>, 27 F. Supp. 2d 388, 391 (E.D.N.Y. 1998).  Accordingly, failure to comply with the statutory requirement will result in dismissal of the complaint.  <u>Gardner v. Honest Weight Food Coop., Inc.</u>, 96 F. Supp. 2d 154, 158 (N.D.N.Y. 2000) (citations omitted).

Plaintiff's original Complaint was filed on June 20, 2003 and, therein, he alleged that he received his right to sue letter from the EEOC on March 20, 2003.  Thus, the Complaint was filed ninety-two days after Plaintiff's purported receipt of the letter, and Defendant moved for summary judgment on timeliness grounds.  Plaintiff subsequently amended his Complaint to allege that he received the right to sue letter on March 22, 2003 and, counting from that date, his Complaint was timely commenced on the ninetieth day.  Defendant has not amended its Motion, nor has it otherwise called into question the timeliness of this action based upon the allegations in the Amended Complaint.   Accordingly, Defendant's motion to dismiss this action for untimeliness is denied.

### 2.    Failure to Establish a Prima Facie Case of Discrimination

Under Title VII of the Civil Right Act of 1964, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . .."  42 U.S.C. § 200e-2(a)(1).  Similarly, the Americans with Disabilities Act makes it unlawful for an employer to "discriminate against a qualified individual with a disability because of the disability . . . in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment."  42 U.S.C. § 12112(a).

Discrimination claims brought under Title VII are analyzed under the burden-shifting analysis first set forth by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).   This same analysis applies to claims of intentional discrimination under the ADA.   Regional Econ. Cmty. Action Program v. City of Middletown, 294 F.3d 35, 48-49 (2d Cir.), *cert. denied*, 537 U.S. 813, 123 S. Ct. 74, 154 L. Ed. 2d 16 (2002).   The burden-shifting analysis first requires that the plaintiff establish a *prima facie* case of discrimination.

Under Title VII, a plaintiff must show that (1) he is a member of a protected class, (2) he is qualified for his position, (3) he suffered an adverse employment action, and (4) the circumstances of the adverse action give rise to an inference of discrimination. Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (*citing* McDonnell Douglas, 411 U.S. at 802).   The ADA plaintiff must show that (1) the employer is subject to the ADA, (2) the plaintiff is disabled within the meaning of the ADA, (3) he could perform the essential functions of his job with a reasonable accommodation, and (4) his employer refused to make such accommodation or discharged him because of his disability.   Parker v. Columbia Pictures Indus., 204 F.3d 326, 332 (2d Cir. 2000).

Plaintiff's burden at the *prima facie* stage is *de minimus*.   Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981).   In fact, no evidence of discrimination is required.   James v. New York Racing Ass'n, 233 F.3d 149, 153 (2d Cir. 2000).   The *prima facie* case "raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." Burdine, 450 U.S. at 254 (*quoting* Furnco

6

Construction Corp. v. Waters, 438 U.S. 567, 577, 98 S. Ct. 2943, 57 L. Ed. 2d 957 (1978)).

Establishment of the *prima facie* case in effect creates a presumption that the employer

unlawfully discriminated against the employee, and if the employer is silent in the face of

the presumption, the court must enter judgment for the plaintiff because no issue of fact

remains in the case.  Burdine, 450 U.S. at 254.

There is no need to discuss the remaining aspects of the burden-shifting analysis

because Defendant's motion is predicated solely on Plaintiff's purported failure to meet his

initial burden of demonstrating a *prima facie* case of discrimination.  More specifically,

Defendant challenges only the fourth element of the *prima facie* case, and then only as to

race discrimination relative to Plaintiff's termination.[3]

In support of his *prima facie* case, Plaintiff has come forward with the following

averments and documents regarding his employment and termination: he successfully

completed a drafting/Auto Cad program at Erie 1 BOCES in 2001, attaining a 97% final

average (Milton Aff., ¶ 3, Ex. B); he was hired at Buffalo Engineering as a mechanical

draftsman for a one month work tryout period through the New York State Office of

Vocational and Educational Services for Individuals with Disabilities ("VESID"), which

reimbursed Defendant for his salary during the tryout period (*Id.*, ¶ 4, Ex. C); Defendant did

not provide VESID with reports as to Plaintiff's progress, but did retain Plaintiff as an

---

[3]  Although Defendant's Notice of Motion indicates that it is seeking summary judgment as to all claims, its motion papers fail to address a number of Plaintiff's allegations.  Defendant has devoted a mere 1-¼ pages of its memorandum of law to its argument that Plaintiff fails to demonstrate a *prima facie* case. The memorandum refers only the *prima facie* showing for a Title VII claim and makes no mention whatsoever of the ADA.  Beyond that, both the memorandum and the accompanying Rule 56 statement refer only to Plaintiff's termination, not to the alleged disparate treatment during his employment.  In fact, Defendant's meager Rule 56 statement provides no citations to the record, as is required, and no information at all regarding Plaintiff's employment beyond approximate hire and termination dates.

employee after the tryout period (*Id.*); Defendant did not provide Plaintiff with training for

draftsman duties and instead assigned him to menial non-drafting tasks that differed from

the assignments given to similarly situated employees (*Id.*, ¶¶ 5, 6, 10, 11, 15, 17, Ex. E);

Defendant never advised Plaintiff that his work was not satisfactory (*Id.*, ¶¶ 20-21); and

Defendant terminated Plaintiff on April 5, 2002, at which time his department supervisor,

Joel Re, recommended that he seek employment with a minority based company (*Id.*, ¶ 5,

22).

Even a single verbal comment may constitute evidence of discriminatory motivation

when a plaintiff demonstrates that a nexus exists between the comment and the decision

to discharge the plaintiff.  Schreiber v. Worldco, LLC, 324 F. Supp. 2d 512, 518 (S.D.N.Y.

2004).   Such a showing can be made where, as here, the statement is made by the

decision maker or a supervisor and is made close in time to the decision.  *Id*. at 519.  Given

the *de minimus* burden on Plaintiff at this stage, his assertion that his department

supervisor suggested, upon terminating him, that he seek employment with a minority firm

is sufficient to raise the inference that Plaintiff's race was a factor in his termination.

Because Defendant's argument rests solely on Plaintiff's purported failure to

demonstrate a *prima facie* case of discriminatory termination in violation of Title VII, its

motion for summary judgment is denied.

**C.    Plaintiff's Cross-Motion for Summary Judgment**

**1.  Title VII Claims**

It has already been determined that Plaintiff has demonstrated a *prima facie* case

with respect to his allegation that he was terminated in violation of Title VII.   Thus, a rebuttable presumption of discrimination arises.  <u>Burdine</u>, 450 U.S. at 254.  However, as noted above, Plaintiff is entitled to summary judgment on his cross-motion only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . .."  FED. R. CIV. P. 56(c).

In this case, while Defendant chose to focus on the Plaintiff's *prima facie* case and did not present a complete burden-shifting analysis in support of its own motion, it did submit affidavits and documents which indicate the existence of a non-discriminatory reason for Defendant's termination; to wit, unsatisfactory job performance  (Affidavit of Joel Re, ¶¶ 4-6, Exs. B, C; Affidavit of Walid S. Daham, ¶¶ 4-6).  Plaintiff vehemently contests the genuineness of these submissions (Pl's Statement of Disputed Facts, ¶¶ 1-2).  Nevertheless, Defendant's affidavits and exhibits are sufficient to raise a material question as to the reasons for Plaintiff's termination.

Due to a dearth of facts from both sides, there are also material questions to be resolved with regard to Plaintiff's claim of disparate treatment.  For example, Plaintiff's general allegations that he was "denied training" (Am. Compl., ¶ 19; Milton Aff., ¶¶ 15-19), and Defendant's competing attestations that Plaintiff "was given more than sufficient training" (Daham Aff., ¶ 4), simply beg the question.[4]  The parties' respective averments as to the nature of Plaintiff's assignments and whether or not they differed from other

---

[4] Although Plaintiff does allege that, on one occasion, he was denied the opportunity to attend a specific training seminar, his supporting documents do not indicate that the seminar was actually offered in the month or even the year in question and, thus, a question of fact exists (Milton Aff., Ex. F).

9

similarly situated employees are equally conclusory.[5]

Because material questions of fact exist as to each aspect of Plaintiff's Title VII claim, his cross-motion for summary judgment is denied as to Title VII.

**2.      ADA**

In his Amended Complaint, Plaintiff alleges that Defendant's response to his request for a reasonable accommodation was "minimal" and that Defendant terminated him because he is a recovering addict (Am. Compl., ¶¶ 13, 19, 22, 23).  However, nowhere in his Amended Complaint or his submissions in support of his Cross-Motion does Plaintiff identify the accommodation he requested or state the manner in which Defendant's response was deficient.  Moreover, Plaintiff does not identify any circumstance relative to his termination that would raise an inference of disability discrimination.

In sum, Plaintiff has not demonstrated a *prima facie* case of disability discrimination and his cross-motion for summary judgment on his ADA claim must be denied as well.

### IV.  CONCLUSION

For the foregoing reasons, this Court finds that neither party is entitled to summary judgment and Defendant's Motion and Plaintiff's Cross-Motion for such relief are denied in all respects.

---

[5] For example, while Mr. Daham attests that Plaintiff's time records detail his assignments and support Defendant's position that Plaintiff was assigned to "numerous and varied projects," those time records were not submitted to the Court (Daham Aff., ¶ 4).  Similarly, Plaintiff attests to the greater number of delivery assignments he was given over another employee, but provides trip expense logs only for himself (Milton Aff., ¶ 11, Ex. E).  Summary judgment based on such generalized and unsupported assertions is clearly inappropriate.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion for Summary Judgment (Docket

No. 58) is DENIED; and

FURTHER, that Plaintiff's Cross-Motion for Summary Judgment (Docket No. 71) is

DENIED.

SO ORDERED.

Dated:        September 21, 2005
              Buffalo, New York


                                        ___/s/William M. Skretny_____
                                          WILLIAM M. SKRETNY
                                        United States District Judge